In re RYAN'S ESTATE. SMITH et al., Appellants, v.
RYAN et al., Respondents.

(No. 7,837.)

(Submitted September 28, 1939. Decided December 4, 1939.)

[96 Pac. (2d) 916.]

*Mr. Lester H. Loble* and *Mr. Hugh R. Adair,* for Appellants, submitted a brief; *Mr. Melvin E. Magnuson* argued the cause orally.

*Mr. Frank T. Hooks,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from an order of the district court refusing to revoke letters testamentary and refusing to remove executors and from an order settling an account of the executors in the estate of Edward Ryan, deceased.

Edward Ryan died testate in 1930 and left an estate consisting of 1,760 acres of ranch property, five lots in the city of Boulder, some insurance stock of the value of $250 and cash amounting to $232.59. The will disposed of this property in equal shares to his six children. The will was admitted to probate and letters testamentary were granted on August 14, 1930, to the defendants Francis H. Ryan, a son, and to William M. Carpenter, a son-in-law, who qualified as such executors.

Throughout the administration of the estate Carpenter has been an executor in name only, and the whole management of the estate was left to Ryan, acting in cooperation with his attorney, M. H. Parker, up to the time of the latter's death. Francis H. Ryan, who for about 18 years before the testator's death had continuously occupied and operated the ranch, con-

tinued to do so after the death of his father, by agreement between the heirs.

In August, 1937, three of the heirs, individually or through an administrator, filed the petition seeking revocation of the letters, the removal of the executors and for an accounting. The court thereupon ordered the executors to file an account. This they did. Petitioners objected to the account. After a hearing the court made an order finding the executors indebted to the estate in the sum of $430 and approving the account in other respects. The court refused to remove the executors or to revoke their letters.

Petitioners complain that the court erred in approving the account and in refusing to remove the executors and revoke the letters. On the first point it is sufficient to say that we have examined the evidence and find no reason for disturbing the court's order settling the account, after finding that the executors were indebted to the estate in the sum of $430. On the second point petitioners submitted proof that the executors had failed to file an account for more than seven years, had failed to file vouchers and keep accurate books or records, had refused to give the heirs information as to the condition of the estate, had neglected the property so that the premises were "run down" and in need of repair, had made unauthorized expenditures and failed to pay certain obligations of the estate; that the executor Ryan had taken advantage of his fiduciary capacity and dealt with himself, in particular had bought hay from the estate for $5 a ton and then sold it for $10, and that he paid no attention to statutory requirements in administering the estate.

The executors submitted proof that the reason they have not the necessary books and papers is because they had been placed in the hands of Attorney Parker for the purpose of making up the account, but at the time of the trial could not be produced because they had become lost. They also submitted proof that the business of the estate was carried on with the full knowledge, acquiescence and apparent approval of the heirs.

It is conceded by defendants that the estate was administered in disregard of statutory provisions but it is contended that the heirs have not sustained any detriment because thereof. The court's finding that the executors are indebted to the estate in the sum of $430 was based in part upon the profits that Mr. Ryan, as executor, made from buying hay from the estate and selling it at a profit. He testified that this was purchased for the purpose of feed and not for resale; that after purchasing it he found that he was compelled to dispose of his cattle, and, hence, had no use for the hay. It was under these circumstances that the hay was sold by him.

The cause for removal of the executors, when all the circumstances are considered, is as compelling here as in the case of *In re Rinio's Estate*, 93 Mont. 428, 19 Pac. (2d) 322, 326, where we said: "The court in the exercise of its discretion could have removed Mr. Kester as administrator of the Rinio estate because of his failure to comply with plain statutory requirements, without any reflection upon his integrity or good faith, or could have done so upon the ground of conflicting interests which in legal effect rendered him incompetent to serve. Instead, the court permitted the condition then shown to continue, and, in so doing, erred."

On the authority of the *Rinio Case*, we would be warranted in reversing the trial court's order refusing to remove the executors. However, we are of the opinion that we should not do so under the circumstances. The outstanding thing about this estate is that it has been grossly over-administered so far as the duration of administration proceedings are concerned. There does not appear to be any good reason why the estate should not have been distributed to the heirs within about 15 or 18 months after the death of the testator. Instead, more than nine years have now passed and the estate has not yet been distributed. This delay was not only due to the neglect of the executors, but appellants contributed thereto by their acquiescence in the proceedings of the executors, and by their conduct in leasing the property to Ryan, one of the executors, rather than insisting upon distribution of the estate. To now

change executors would but serve to further delay the distribu-tion of the estate and perhaps add further expense to the heirs. (Compare *In re Esterly's Estate,* 97 Mont. 206, 34 Pac. (2d) 539.)

Since there remain no further duties to be performed by executors other than to seek distribution of the estate, the court did not abuse its discretion in refusing to remove the executors and to appoint another.

There is but one small debt against the estate aside from the fee of the executors and of counsel. In fixing the executors' fee the court should take into consideration the inordinate delay in distributing the estate. Under no possible theory should the fee exceed that fixed by statute (Rev. Codes 1935, secs. 10285 et seq.) When the amount of cash on hand, as shown by the account, is considered together with the amount found to be owing by the executors to the estate, there is nearly enough to pay the claim against the estate and the executors' and attorney's fees. If it is not sufficient to pay all, then the court should require the executors to immediately apply for leave to mortgage sufficient of the property of the estate to pay the same in the event the heirs do not see fit to advance suffi-cient funds for that purpose. The court should then cause the estate to be distributed to the heirs subject to the mortgage, if it is found necessary to mortgage the property, or any part thereof. This should be accomplished in not to exceed three months from the date hereof.

The orders appealed from are affirmed.

MR. CHIEF JUSTICE JOHNSON, ASSOCIATE JUSTICES MORRIS and ERICKSON, and HONORABLE FRANK P. LEIPER, District Judge, sitting by consent of both parties, concur.